*OFFICE OF THE CHAPTER 13 STANDING TRUSTEE*
Isabel C. Balboa, Esquire
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY
### (Camden)

| | |
|---|---|
| In Re: | Proceedings in Chapter 13 |
| Mark A. Lemoine | Case No.  15-10601 (ABA) |
| | **CERTIFICATION IN SUPPORT OF MOTION** |
| Debtor(s). | Hearing Date:  April 8, 2015 at 2:00 p.m. |

**ISABEL C. BALBOA**, hereby certifies as follows:

1.  I, Isabel C. Balboa, Chapter 13 Standing Trustee (the "Trustee"), am authorized to make this certification on behalf of the Trustee.

2.  I am the Chapter 13 Standing Trustee for Region 3 pursuant to an order entered by the Office of the United States Trustee, United States Department of Justice.

3.  I am personally familiar with the matters set forth herein and I am qualified to testify about them.

4.  This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 105.

5.  Debtor, Mark A. Lemoine, filed for bankruptcy protection on January 13, 2015.  The Court duly assigned case number 15-10601 (ABA).

6.  Based upon the Trustee's review of the filed petition, schedules, and/or tax returns, the Trustee has determined that the Debtor is engaged in a business known as Tuckahoe Road Auto Sales, LLC.

7.  Pursuant to 11 U.S.C. § 1302(c), "if the debtor is engaged in business, then in addition to the duties specified in subsection (b) of this section, the trustee shall perform the duties specified in sections 1106(a)(3) and 1106(a)(4) of this title" which states, "except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's' business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan."

8.  Pursuant to 11 U.S.C. § 521(a)(1)(B), the debtor shall file, unless the court orders otherwise, "a statement of the debtor's financial affairs"; "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor; a statement of the amount of monthly net income, itemized to show how the amount is calculated; and a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition."

9.  Pursuant to 11 U.S.C. § 521(a)(3), "if a trustee is serving in the case …, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title."

10. Pursuant to 11 U.S.C. § 1307(c), "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is

Certification for Business Documents not provided 10/01/2014

in the best interests of creditors and the estate, for cause, including, only on request of the United States Trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a)" or "only on request of the United States Trustee, failure to timely file the information required by paragraph (2) of section 521(a)."

11. Pursuant to 11 U.S.C. § 521(e)(2)(A), the debtor shall provide, "not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the Debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed."

12. Pursuant to 11 U.S.C. § 521(e)(2)(B), "If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to comply is due to circumstances beyond the control of the debtor."

13. The first date set for the Meeting of Creditors was February 12, 2015.  The Debtor did not appear.

14. I hereby certify that as of the date first set for the Meeting of Creditors, the Debtor(s) has/have not performed in accordance with the above directions in that Debtor(s) has/have failed to appear at the scheduled Meeting of Creditors and has/have failed to provide:

X    a statement of the debtor(s) financial affairs (*i.e. Certification of Business Debtor*);
X    copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
X    a statement of the amount of monthly net income, itemized to show how the amount is calculated (*i.e. bank statements and profit and loss statement*);

X  a statement disclosing any reasonably anticipated increase in income or expenditures
over the 12-month period following the date of the filing of the petition;

X  co-operate with the trustee as necessary to enable the trustee to perform the trustee's
duties under this title; (*i.e. proof of current insurance and/or copy of current license,
permit, or certificate*);

X  a copy of the Federal income tax return required under applicable law (or at the
election of the Debtor(s), a transcript of such return) for the most recent tax year
ending immediately before the commencement of the case and for which a Federal
income tax return was filed.

15. Of specific concern to the Trustee is Debtor's failure to provide proof of insurance for

operation of a business open to the public.

16. I make this certification in support of the entry of an Order Dismissing this case.

17. Therefore, the Chapter 13 Standing Trustee respectfully requests this Honorable Court to

enter an Order to Dismiss Debtor(s)' Chapter 13 Bankruptcy Case pursuant to the code

section(s) set forth herein.

18. I certify under penalty of perjury that the foregoing is true and correct.


Dated:  February 25, 2015                  By:    ***/s/ Isabel C. Balboa***
                                                   Isabel C. Balboa
                                                   Chapter 13 Standing Trustee